**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Derrick Monte HAIRSTON, Defendant-Appellant.**

No. 17-4018

United States Court of Appeals, Fourth Circuit.

Submitted: October 19, 2017

Decided: October 23, 2017

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal

Public Defender, Greensboro, North Carolina, for Appellant. Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Monte Hairston appeals his 114-month sentence imposed after his original 235-month sentence was vacated pursuant to a 28 U.S.C. § 2255 (2012) motion. Hairston was initially sentenced as an armed career criminal pursuant to his guilty plea to possession of a firearm by a convicted felon. In his § 2255 proceeding, the district court determined that Hairston was not an armed career criminal. At his second sentencing hearing, Hairston was sentenced to 114 months' imprisonment, which was below the Sentencing Guidelines range and statutory maximum sentence of 120 months.*

On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court imposed a substantively unreasonable sentence. The Government declined to file a brief, and Hairston has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted), *cert.*

denied, No. 17-5092, —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2017 WL 2909366 (U.S. Oct. 2, 2017). A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a) (2012). We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Hairston bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Hairston's counsel questions whether Hairston's sentence of imprisonment is substantively unreasonable, citing various mitigating factors. However, the district court considered those factors, as well as the relevant aggravating factors, in sentencing Hairston and provided a reasoned basis for concluding that a slight variance below the statutory maximum and Guidelines range was warranted given Hairston's acceptance of responsibility. Based on our review of the record as a whole, we conclude that Hairston fails to rebut the presumption of substantive reasonableness accorded his sentence. *See id.*

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm Hairston's sentence. This court requires that counsel inform Hairston, in writing, of the right to petition the Supreme Court of the United States for further review. If Hairston requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy

---

* The Guidelines range was 120 to 150 months in prison. However, because the statutory maximum was 120 months, the Guidelines range also became 120 months.

thereof was served on Hairston. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*